NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3068

STEVE M. KESSLER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Steve M. Kessler, of Wynnewood, Pennsylvania, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3068

STEVE M. KESSLER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH844E070230-I-1.

_____

DECIDED:  December 5, 2008

_____

Before LOURIE, RADER, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Steven M. Kessler appeals from the decision of the Merit Systems Protection Board affirming the Office of Personnel Management's denial of Kessler's application for Federal Employees' Retirement System ("FERS") disability retirement annuity benefits. Kessler v. Office of Pers. Mgmt., PH-844E-07-0230-I-1 (M.S.P.B. May 24, 2007). Because Kessler has not demonstrated that the Board abused its discretion or otherwise committed legal error in its decision, we affirm.

BACKGROUND

Kessler was a staff psychiatrist with the Department of Veterans Affairs ("VA") in Philadelphia, PA. His supervisors at the VA became aware that Kessler was being treated for depression and provided accommodation by reducing his work load and schedule. Despite this accommodation, Kessler's supervisor noted deficiencies in his work and habitual tardiness beginning in November 2000. On November 19, 2002, Kessler was placed on a ninety-day performance improvement plan ("PIP"). In subsequent years, Kessler was twice placed on similar PIPs. On April 22, 2004, before completion of the third PIP, Kessler tested positive for cocaine during a VA-administered drug test. The VA removed him for illegal drug use effective December 4, 2004.

A grievance examiner concluded that, as of May 2, 2005, Kessler was not an active cocaine user and recommended that Kessler be reinstated to his former position. The VA did not take the advice of the grievance examiner and upheld Kessler's removal.

On December 3, 2005, Kessler filed for disability retirement, claiming that he suffered from a wide range of diseases and conditions including severe depression, attention deficit disorder ("ADD"), substance abuse disorder, obsessive compulsive disorder ("OCD"), and sleep disorders. OPM denied that application by letter dated July 26, 2006. After Kessler's timely request for reconsideration, OPM again denied his request. Kessler timely appealed OPM's reconsideration decision to the Board.

On May 24, 2007, the administrative judge ("AJ") issued an initial decision affirming OPM's reconsideration decision. In arriving at his conclusion, the AJ

evaluated the medical records and opinions of three doctors who had treated Kessler, as well as the testimony of Kessler's then current psychiatrist, Dr. Richard Limoges. Limoges testified that Kessler was "unable to perform useful and efficient service as a psychiatrist" because Kessler's ADD and OCD precluded him from ever competently handling matters necessary to his position. However, the AJ accorded little credence to Dr. Limoges's testimony because Dr. Limoges never explained how Kessler could both be unable to perform the duties required of him and receive numerous satisfactory reviews of his work. The AJ found Dr. Limoges's testimony to be contrary to the weight of the evidence because it ignored the "link between appellant's active drug use and the beginning of his significant performance deficiencies." Kessler v. Office of Pers. Mgmt., at 8. Aside from the discounted testimony of Dr. Limoges, the AJ found no evidence, testimonial or otherwise, demonstrating that Kessler was unable to work at the VA.

The AJ found that Kessler suffered from all of the medical conditions identified in his initial request for disability. However, the AJ found that Kessler had failed to explain how those conditions were disabling inasmuch as they affected his ability to do his job. The AJ supported his conclusion by noting that Kessler's two major depressive episodes occurred years before Kessler applied for disability retirement. Furthermore, the evidence demonstrated that while Kessler suffered from dysthymia, sleep disorders, reflux disorder, irritable bowel syndrome, and hypertension, there was no evidence (other than the discredited testimony of Dr. Limoges) demonstrating that these disorders rendered Kessler unable to perform his duties as staff psychiatrist. Kessler's cocaine use, the AJ reasoned, was the "primary contributor to his performance deficiencies." Kessler v. Office of Pers. Mgmt., at 11.

2008-3068

After Kessler appealed the AJ's decision, the Board denied the petition for review and the initial decision became final. Kessler v. Office Pers. Mgmt., PH-844E-07-0230-I-1 (M.S.P.B. September 20, 2007). Kessler timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2008); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We have limited review over factual determinations of the Board, including whether Kessler was disabled within the meaning of the FERS statute. Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 524 (Fed. Cir. 1995). Our review of disability claims is limited to determining whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative question." Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985).

Kessler makes three main arguments on appeal. First, he argues that the AJ erred by not applying the Mullins-Howard exception, which permits the Board to "link the medical evidence to the job duties and requirements" when the medical evidence itself fails to do so. Bynum v. Office of Pers. Mgmt, 89 M.S.P.R. 1 (2001). Second, he argues that the AJ erred by failing to find a nexus between Kessler's medical conditions and his ability to perform his duties. To properly make such a demonstration, Kessler

argues, the AJ is required to make finely-tuned correlations between Kessler's medical conditions and all of the essential elements of his position. Kessler claims that the AJ failed to even identify the essential elements of his position. Third, Kessler argues that substance abuse is not a per se disqualifying condition and that his cocaine addiction should, in fact, be evidence of inability to perform his duties.

In response, the government argues that the Board properly considered the evidence before it. The government claims that the burden of proof of nexus between medical disability and performance of job duties falls on the applicant, not on OPM. Further, the government claims that Kessler mischaracterizes the findings of the Board, and that the Board never found that substance abuse cannot serve as a disabling condition. Lastly, the government argues that the Mullins-Howard exception is inapplicable in this case.

First and foremost, Kessler has not shown that in this case there has been a substantial departure from important procedural rights, or an error that goes to the heart of the administrative process. Even so, on the merits of Kessler's arguments, we agree with the government that the Board did not commit legal error in its decision. As a preliminary matter, we find that the Mullins-Howard exception is inapplicable in this case. The exception grants the Board authority to find a nexus between an applicant's medical condition and the ability to perform job duties in cases "that unambiguously and without contradiction indicate[] that appellant cannot perform the duties or meet the requirements of the position." Bynum, 89 M.S.P.R. at 7. In this case, there was significant evidence that contradicted Kessler's claim that his medical condition prevented him from performing his duties. The AJ noted that prior to his testing positive

for cocaine, Kessler completed satisfactory performance reviews and two performance improvement plans. Furthermore, there was a lack of agreement between Kessler's doctors as to whether his conditions rendered him incapable of performing his work-related duties. The ambiguous and contradictory nature of the nexus evidence therefore removes the Mullins-Howard exception from applicability in this case.

Next, we examine Kessler's claim that the AJ erred by failing to perform a complete review of the essential elements of his job and then correlating those elements to the specific symptoms of his medical condition. The Board does not bear the burden of establishing the elements of Kessler's nexus claim; Kessler does. See Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 522 (Fed. Cir. 1995). Furthermore, it is apparent from the Board's opinion that the AJ performed a thorough review of the evidence. She examined Kessler's extensive medical history and the opinions of the four physicians, as well as the performance reviews and other evidence of Kessler's performance at work. An administrative judge is not required to enumerate the "essential elements" of an applicant's position and then correlate the psychiatric conditions to each of those elements, as Kessler would urge us to hold. The AJ performed a complete review of the evidence, and her factual findings do not represent an error that goes to the heart of the administrative process.

Lastly, we consider Kessler's claim that the AJ misapplied the law regarding the effect of Kessler's substance abuse on his disability benefits. Kessler cites Winslett v. Office of Pers. Mgmt., 30 M.S.P.R. 293, 296-97 (1986), for the proposition that an applicant for disability benefits claiming drug addiction as a disabling condition must show that he is unable to maintain control of the addiction after receiving treatment.

2008-3068

Contrary to the government's repeated contention, it is clear that the AJ found that Kessler's drug use was the primary cause of his deteriorating work performance and that the AJ did indeed find a connection between Kessler's drug use and his work performance. See Kessler at 8. ("The evidence establishes a link between applicant's active drug use and the beginning of his significant performance deficiencies."). Despite the government's erroneous reading of the AJ's decision, it is unclear how the holding in Winslett benefits Kessler. Aside from not being binding precedent on this court, Winslett does not advance Kessler's appeal because it held that an applicant had failed to demonstrate that he was physically disabled, partly resulting from his inability to demonstrate that he could not maintain sobriety for at least a year. Winslett, 30 M.S.P.R. at 296-97. Kessler's case is not one in which the length of the disabling condition has not been established, but rather whether the condition is medically disabling in the first place.

While there is evidence in the record to show that Kessler received treatment, ultimately unsuccessfully, for his drug abuse, the AJ did not find that Kessler's drug abuse was a medical condition that would allow Kessler to receive disability benefits. Indeed, of the numerous physicians who evaluated Kessler and who knew of his drug problems, none classified his drug problems as a disabling medical condition. Many of Kessler's physicians encouraged him to return to work, indicating that they did not find his condition disabling. The testimony of the doctor who believed Kessler to be disabled, Dr. Limoges, was discredited by the AJ precisely because it "trivialized" Kessler's drug problems. Clearly, Limoges, and all the other physicians in this case, did not consider Kessler's drug problems to be "disabling medical conditions." See 5 C.F.R.

§ 844.102 (defining disabling as "unable or inability because of disease of injury to render useful and efficient service in employee's current position").  While drug use obviously contributed to Kessler's problems at work, it is clear that such use did not rise to the level of a "disabling medical condition" when four medical professionals have declined to characterize it as such.

Kessler has not demonstrated that the Board has substantially departed from important procedural rights, misconstrued a governing regulation, or otherwise committed an error that goes to the heart of the administrative process.  Moreover, Kessler has not shown that the Board abused its discretion or otherwise committed legal error.  Accordingly, we <u>affirm</u> the Board's decision.

COSTS

No costs.